NARVAEZ, PETITIONER, *v.* CANINO, CIVIL REGISTRAR OF AIBONITO, RESPONDENT.

PETITION for a Writ of Mandamus.

No. 184—Decided November 30, 1920.

EMANCIPATION—CIVIL REGISTRY.—In order to enter on the margin of a birth registration the emancipation of a minor by his parents the civil registrar does not require an order of a court. It will be sufficient that an interested person present to him the document of emancipation, which must contain the requisites prescribed by section 303 of the Civil Code. Therefore the entry of emancipation is governed by section 18 and not by section 6 of Act No. 61 of 1911 establishing the civil registry.

The facts are stated in the opinion.

*Mr. P. González* for the petitioner.

The respondent did not appear.

MR. JUSTICE WOLF delivered the opinion of the court.

The petitioner presented an application for a writ of mandamus directed against Dr. E. Canino in charge of the Civil Registry of Aibonito. A rule to show cause was issued, but there has been no answer. The facts of the petition must therefore be taken as true.

The petitioner bought a piece of property from a minor. The mother who had the *patria potestas* over the child appeared in the deed, giving her consent to the sale. On the same day the said mother emancipated her child then over 18 years of age by a notarial deed in the presence of two witnesses, all in conformity with section 303 of the Civil Code, as follows:

"A minor, although not married, may, for the sole purpose of administering his property, be emancipated by his father, or in de-

fault thereof, by his mother, when the said minor shall have completed the age of eighteen years.

"This emancipation takes place by a declaration of the father or mother, before a notary public, and in the presence of two witnesses, and with the consent of the minor.

"It shall be recorded in the civil registry and, until then, shall not produce any effect against third persons."

The civil registrar refused to give effect to the emancipation because, as he stated, the law of the civil registry required that this act of emancipation should have been made by a competent authority and the registrar also added that he had consulted and obtained the opinion of the *fiscal* to the same effect. These two officials base their opinion on section 6 of the Civil Registry Law which provides as follows:

"Section 6.—After a record has been signed, no correction, addition or amendment can be made therein which may substantially alter the act to which the same refers except upon a proper order made by a district court. This judgment shall be recorded in the register placing at the margin of the corrected registration and also of the new registration a brief note for mutual reference.

We agree with the petitioner that this section applies to cases where it is attempted to change the nature of an inscription or to modify it, but not to original matters like marriages, deaths or emancipations. See § 18 of Law No. 61 of 1911.

We have a slight doubt whether the petitioner has shown such an interest in himself as would entitle him to make the application. The parent might have, or the child. The petitioner has obtained a deed and the title is vested in him after a due emancipation of the grantor, made before a notary. The deed, barring other defects, is entitled to record in the registry of property, whether the emancipation was duly entered in the civil registry or not, and would hence be a protection to the purchaser against third persons.

Still, as his title depends on the emancipation, we give the petitioner the benefit of the doubt and order the record made, despite the fact also that this application could have been and should have been made to the district court, inasmuch as we entertained jurisdiction and issued the writ.

*Writ granted.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.